Territorial Law Library

**IN THE SUPERIOR COURT OF GUAM**

FILE

2014 FEB -6 PM 12: 21

CITIBANK, N.A.,                          )
                                         )      CASE NO. CV0763-12  OF COURT
                     Plaintiff,          )
                                         )      BY:_____
        v.                               )
                                         )      **DECISION AND ORDER ON**
DONATO G. TABIGO-ON, JR.,                )      **PLAINTIFF'S MOTION FOR**
                                         )      **SUMMARY JUDGMENT**
                     Defendant.          )
                                         )
                                         )

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on December 23, 2013 on Plaintiff's Motion for Summary Judgment. Attorney Mark Beggs represented Plaintiff Citibank. Defendant Donato G. Tabigo-on was neither present nor represented by counsel. Following the hearing the Court took the matter under advisement. Having considered the parties' arguments and the applicable law, this Court now issues its Decision and Order.

## FACTUAL BACKGROUND

On June 26, 2012, Plaintiff filed suit alleging that Defendant maintained a Visa charge account with Plaintiff. It was further alleged that Plaintiff owed the sum of $16,209.53 for charges made on this account. Pursuant to the cardholder agreement for the account, Plaintiff was allowed to charge an interest rate of 14.99% per annum on any unpaid and overdue balance. Also in the agreement was a clause for Plaintiff's reasonable attorney fees incurred in the collection on the account. Plaintiff alleges the following in damages: a) $16,209.53 in charges; b) $1,680.00 in accrued interest at the aforementioned rate; c) $2,683.43 in attorney fees; and d) any further relief the Court deems proper.

On December 5, 2013, Defendant, who has since moved from Guam to Nevada, mailed his Answer. The Answer was filed with this Court on December 18,

2013. In his Answer, Defendant denied all allegations made in the Complaint. On June 18, 2013, Plaintiff filed a Motion for Summary Judgment, arguing there is no genuine issue of material fact. The motion and pertinent forms were served upon Defendant via certified mail on October 15, 2013. Defendant has made no further communication or filing with this Court. For the reasons set forth below, the Court shall grant the motion.

## DISCUSSION

Plaintiff Citibank has moved for summary judgment pursuant to Guam R. Civ. P. 56(a). In considering a motion for summary judgment, this Court "must draw inferences and view the evidence in a light most favorable to the non-moving party." Bank of Guam v. Flores, 2004 Guam 25 ¶ 7. Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Id. at ¶ 8 (quoting Guam R. Civ. P. 56(c)).

A material fact is one that is relevant to an element of a claim or defense or which might affect the outcome of the suit. See Iizuka Corp. v. Kawasho Intern. (Guam), Inc., 1997 Guam 10. The party seeking summary judgment bears the responsibility of informing the court of the basis of the motion and demonstrating the absence of a material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Aside from his Answer, Defendant has made no other filing with the Court. As such, there is no Opposition to Plaintiff's motion on file. However, the Court is still bound to "its duty to consider the merits of the motion before it." Petition of Quitugua v. Flores, 2004 Guam 19 ¶ 27. "The failure to file a written opposition to a motion, the filing of a notice of non-opposition to a motion, or the disregard of untimely filed papers, does not require a court to automatically grant the motion and is not dispositive of the motion itself." Id. at ¶ 28.

In support of the motion, Plaintiff has filed a Declaration by bank employee Michael Mendoza. He declares that Defendant has a credit card account with

Citibank. *See Mendoza Decl.* ¶ 3. Further, he declares that Defendant has failed to make the payments required by the Terms and Conditions and the balance has been accelerated. *Id.* at ¶ 4. He calculates interest as of June 14, 2013 to be $4,083.18. *Id.* Lastly, he states that the Terms and Conditions agreed to by Defendant provide for attorney fees not to exceed 15% of the balance due. *Id.* at ¶ 5. Attached to the Declaration is a copy of the agreement entered into by the parties.

Considering the pleadings and exhibits found in the record, the Court sees no reason the agreement should not be enforced. No defenses have been raise and no dispute exists as to the amount due and owed. Thus, no genuine issue of material fact exists and Plaintiff is entitled to summary judgment.

**CONCLUSION**

The Court finds that this case presents no genuine issues of material fact. Plaintiff's motion for summary judgment is hereby **GRANTED**. Plaintiff shall prepare a judgment consistent with this Decision and Order. Judgment shall incorporate the principal, interest calculated as of February 1, 2014, as well as reasonable fees and costs.

It is **SO ORDERED** this 6th day of February, 2014.

Original Signed By:
Hon. Alberto C. Lamorena III

_____
HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam.

FEB 0 6 2014

Esther L.S. Pinaula
Deputy Clerk, Superior Court of Guam

